# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:05cv74

| | |
|---|---|
| STEVEN LECHNER, individually and on behalf of others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| Vs. ) ) | ORDER |
| ARVINMERITOR, INC.; and PINNACLE STAFFING, INC., ) ) ) ) | |
| Defendants. ) ) | |

**THIS MATTER** is before the court on plaintiff's Motion to Remand this matter to state court. The parties have fully briefed the issues and the court notes that a Memorandum and Recommendation is now pending before the district court in another case involving these defendants, which addresses a nearly identical issue. See <u>Morales v. Arvinmeritor, Inc.</u>, 1:04cv172 (W.D.N.C. April 12, 2005). Inasmuch as a motion to remand is not case dispositive, such motion will be resolved in accordance with 28, United States Code, Section 636(b) by Order.

## FINDINGS AND CONCLUSIONS

**I.     Filing of the Complaint and Removal to Federal Court**

This action was originally filed in the North Carolina General Court of Justice, Superior Court Division, for Buncombe County. Plaintiff contends that he was not paid wages for all hours worked and that defendants improperly deducted from his paycheck payment for time spent on meal breaks.

Plaintiff asserts three causes of action under North Carolina law: (1) violation of the

North Carolina Wage and Hour Act; (2) Breach of Contract; and (3) Breach of the Duty of Good Faith and Fair Dealing. Complaint, at ¶ 36-57. Plaintiff specifically disclaimed any intention of bringing any claim under federal law, Complaint, at ¶ 35, and limited his claims to an amount less than $75,000.00 per plaintiff. Complaint, at ¶ 68. Plaintiff filed his complaint on February 28, 2005, and defendants jointly removed this action on March 29, 2005.

Defendant ArvinMeritor, Inc., ("ArvinMeritor") is a Nevada corporation. Defendant Pinnacle Staffing, Inc., ("Pinnacle") is a South Carolina corporation. Removal was based on federal question jurisdiction under 28, United States Code, Section 1331, and defendants asserted that "Plaintiff's claims, if any, arise under the laws of the United States." Notice of Removal, at ¶ 4.

## II. The Nature of Plaintiff's Claims

In substance, plaintiff contends that he was a full time hourly employee of defendants and that as a condition of his employment he was required to clock in and clock out of work. Plaintiff further contends that the *Kronos* clock system maintained by defendants automatically rounded- down time and automatically deducted 30 minutes per shift for a lunch break. Plaintiff contends that he often did not take a lunch break, but instead continued to work throughout lunch. Plaintiff contends that he often worked over 40 hours per week, but that he was seldom compensated for such time based on unauthorized deductions from his pay.

In addition to asserting three causes of action under North Carolina law, plaintiff is attempting to bring such claims as a class action under Rule 23. Defendants have denied the substantive claims of the plaintiffs and asserted that plaintiffs have not made sufficient allegations to support class certification.

The first cause of action is captioned "Violation of Wage Laws." Plaintiff asserts that he is to be paid his "accrued wages, including overtime wages, on the regular payday pursuant to N.C.G.S. section 95-25.6," Complaint, at ¶ 38, and that "[d]efendants did not pay Plaintiff . . . for all hours clocked . . . ." Complaint, at ¶ 39.

The second cause of action is captioned "Breach of Contract." Plaintiff contends that oral and implied contracts existed between the plaintiffs and the defendants wherein the defendant were obligated to pay him for all hours worked in a workweek, Complaint, at ¶ 44, to pay one and one half times the regular rate of pay for overtime work, Complaint, at ¶ 46, and to pay all accrued wages on the regular payday. Complaint, at ¶ 47.

As a third cause of action, plaintiff asserts a claim for "Breach of the Duty of Good Faith and Fair Dealing." Complaint, at ¶ 55-57. In such claim, plaintiff contends that defendants had a duty to "properly track the fours worked by Plaintiff . . . to make payments of all wages due . . . and not to deduct any time or withhold any wages without written authorization from employees." Complaint, at ¶ 55.

Plaintiff also includes in his Complaint a "Damage Limitation" provision, which states that the damages for each plaintiff does not exceed "$74,999.00," inclusive of interest and attorney fees. Complaint, at ¶ 68. Without doubt, the "Damage Limitation" provision is an anti-removal device intended to prevent defendants from removing this matter based on diversity jurisdiction. (Defendants have only removed based on federal-question jurisdiction.)

II.   **The Removal Documents**

In a timely filed pleading, defendants' jointly removed this action to this court. In the Notice of Removal, defendants state that

> Although the plaintiff has sued under North Carolina law, any obligation to pay overtime would be controlled by the Fair Labor Standards Act, 29, U.S.C. § 201, et seq., **under which they have not sued** (see N.C. Gen. Stat. § 95-25-14). Therefore, the plaintiff's claims, if any, arise under the laws of the United

States, giving this Court jurisdiction under 28 U.S.C. § 1331.

Notice of Removal, at ¶ 4 (emphasis added). Defendants further state that " Counsel for the Plaintiff has filed previously a substantially identical lawsuit, which the Defendants removed to this Court, Case No. 1:04-CV-172 . . . ." Id., at ¶ 5.

### III. Subject-Matter Jurisdiction

### A. Introduction

Plaintiff has moved to remand this action to state court. In so moving, the issue is whether this court has subject-matter jurisdiction over removed claims. The lack of subject-matter jurisdiction may be raised at any time either by a litigant or the court. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). The Federal Rules of Civil Procedure provide that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3). Where the claims have been brought before the court pursuant to removal, the proper course of action is to remand claims if such-matter jurisdiction is lacking.

In this case, defendants state that "[a]lthough plaintiff has sued under North Carolina law, any obligation to pay overtime would be controlled by the Fair Labor Standards Act, 29, U.S.C. § 201, et seq., **under which they have not sued** . . . ." The undersigned agrees with defendants that plaintiff never alleged in their Complaint a violation of the FLSA and, for that matter, has brought his Complaint exclusively under state law. Plaintiff has also gone to great lengths in drafting his Complaint to avoid invoking the original jurisdiction of this court: first, through exclusive citation of state law as opposed to federal law; and second, though limiting damages to less than $75,000.00 per plaintiff, thereby avoiding diversity jurisdiction. 28 U.S.C. § 1332(a).

4

Federal-question jurisdiction based on removal is determined from the face of the well-pleaded Complaint:

> To determine whether a complaint raises a federal question, we apply the "well-pleaded complaint" rule, which prevents a defendant from removing a case to federal court unless the plaintiff's complaint, without consideration of any potential defenses, establishes that the case arises under federal law. Aetna Health Inc. v. Davila, --- U.S. ----, ----, 124 S.Ct. 2488, 2494, 159 L.Ed.2d 312 (2004). A corollary to the well-pleaded complaint rule allows an action to be removed, notwithstanding the absence of a federal question in the plaintiff's complaint, if "a federal statute wholly displaces the state-law cause of action through complete preemption." Id. at 2495 (internal marks omitted).

Freeman v. Duke Power Co., 114 Fed.Appx. 526, 529, 2004 WL 2151269, 2 (4th Cir. 2004).

**B.     Method of Analysis**

To determine whether remand is appropriate, the undersigned will conduct a two-step analysis.

First, the court will consider from the face of the well-pleaded complaint whether a federal claim has been stated. Inasmuch as defendants admit that the Complaint does not contain federal claims, the "well-pleaded complaint rule" cannot be satisfied.

Second, the court will consider whether the Complaint can be "fairly read" read to assert a federal claim. A federal claim may be "fairly read" into a state claim only where the removed state claim is "completely preempted" by federal law. King v. Marriot Int'l, Inc., 337 F.3d 421, 425 (4th Cir. 2003). See Pinnacle's Memorandum, at 5. For the reasons discussed below, the FSLA does not completely preempt state law, therefore no federal claim can be "fairly read" into plaintiffs' Complaint.

**C.     No Federal Claim Alleged in the Well-Pleaded Complaint**

The first issue is whether defendants' removal of this action based on federal-question jurisdiction was appropriate based on the patent allegations of the well-pleaded Complaint. Inasmuch as defendants state in their removal papers that plaintiff has never alleged

5

violations of the FLSA, the answer must be "no."

This issue is nearly identical to the issue addressed by the district court in <u>Morales v. Showell Farms, Inc.</u>, 910 F.Supp. 244 (M.D.N.C. 1995). As a sister federal court addressing the interplay between federal and North Carolina law, the undersigned finds the decision of the Middle District of North Carolina to be highly persuasive.

In <u>Morales</u>, plaintiff alleged that his employer did not fully compensate him where the costs of work-related equipment were deducted from his hourly wages and the employer forced him to work off- the-clock. In this case, plaintiffs have also alleged nonpayment for work done and improper deductions of time. Likewise, plaintiff in <u>Morales</u> filed his action in state court alleging a violation of Chapter 95-25.6 of the North Carolina General Statutes (the same statutory violation asserted by plaintiffs herein), and also referenced unpaid overtime, again, just as plaintiff has herein alleged. Unlike this plaintiff who made no reference to the FLSA, the plaintiff in <u>Morales</u> referenced the FLSA in his Complaint in addition to asserting claims under North Carolina law. In finding that removal was improper based on a lack of subject-matter jurisdiction, the <u>Morales</u> court held, as follows:

> The plaintiff is the master of his claim and normally may avoid federal jurisdiction by relying exclusively on state law. <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). Courts determine matters of federal jurisdiction by reference to the "well-pleaded complaint rule" by which federal courts have jurisdiction to hear "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." <u>Franchise Tax Bd. v. Laborers Vacation Trust</u>, 463 U.S. 1, 27- 28, 103 S.Ct. 2841, 2856, 77 L.Ed.2d 420 (1983). Under the well-pleaded complaint rule, federal courts do not have jurisdiction over state law claims simply because the defendant may or does assert a federal defense. <u>Caterpillar Inc.</u>, 482 U.S. at 393, 107 S.Ct. at 2430.
> Ordinarily, federal pre-emption is merely a defense to the allegation in a plaintiff's complaint. Id. at 392, 107 S.Ct. at 2429. Therefore, pre-emption of state law claims as a rule does not justify removing those claims to federal court. <u>Metropolitan Life Ins. Co. v. Taylor</u>, 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987). The Supreme Court has announced:

6

> Thus, it is now settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.
> Caterpillar Inc., 482 U.S. at 393, 107 S.Ct. at 2430 (citing Franchise Tax Bd., 463 U.S. at 12, 103 S.Ct. at 2847-48).

Id., at 246-47. In accordance with Morales, it appears that the "well-pleaded complaint" rule would result in a determination that subject-matter jurisdiction is lacking inasmuch as plaintiff limited his Complaint to causes of action based exclusively on state law.

### D. No Federal Claim Can Be Fairly Read Into the Complaint Based on a Lack of Complete Preemption

Even where a federal claim is not contained within the bounds of the well-pleaded complaint, federal-question jurisdiction will be found and removal will be proper where federal law has completely preempted the field. This is known as the "complete preemption doctrine," and has been found to exist under a number of federal statutes, including the Employee Retirement Income Security Act. See 29 U.S.C. § 1144(a) (preempting state law); Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987). Pinnacle has, in responding to plaintiff's Motion to Remand, asserted this argument.

Where federal law has completely preempted state law, a cause of action - - which plaintiff alleges is based on state law - - will be deemed to be a federal claim, even though no federal law is cited. Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987). For example, under ERISA where a plaintiff attempts to bring a claim in state court for improperly denied benefits under a theory of common-law breach of contract, such an action is properly removed to federal court under the complete preemption doctrine.

Inasmuch as defendants admit that plaintiff has failed to state a claim under federal law, the question becomes whether the FLSA has completely preempted the field. The court in Morales also addressed this specific issue:

7

> For this court to have jurisdiction, it is not enough merely for Showell to assert that federal law pre-empts Morales' claims. It must first show that "federal law so occupies the field that it is impossible even to frame a claim under state law." However, pre-emption "without more, does not convert a state claim into an action arising under federal law." Congress must have intended not only to pre-empt claims in this area but also it must have intended to allow removal of such claims. As the concurrence in Metropolitan Life Insurance Co. v. Taylor made clear, removal jurisdiction exists only when " 'Congress has clearly manifested an intent to make causes of action ... removable to federal court.' "
>
> * * *
>
> Under this exacting standard, Showell has not demonstrated that this court has federal question jurisdiction. First, the FLSA does not cast such a broad pre-emptive net over the area of wage and hour regulation as to convert Morales' state law claims into federal law claims. In contrast to the sweeping pre-emptive provision in Section 502(a) of ERISA, the FLSA has a relatively narrow pre-emptive effect. Even in the FLSA's core area of protection- - minimum wage and overtime regulation- - the FLSA does not completely pre-empt state laws but only pre-empts them to the extent that they are less generous than the FLSA. Moreover, Morales does not explicitly state claims grounded on these core provisions, but relies instead on state provisions without direct analogues in the FLSA. Showell, therefore, incorrectly asserts that the FLSA so completely pre-empts Morales' claims that they are automatically converted into federal claims.
>
> Second, when enacting the FLSA Congress did not express any clear, unqualified intent to make claims such as those Morales states removable to federal court. The FLSA does not include, as ERISA does, a jurisdictional grant giving federal courts the power to hear cases such as this one regardless of other grounds of jurisdiction. The FLSA's legislative history does not include, as ERISA's does, plain statements that cases such as this one are intended to arise under the courts' federal question jurisdiction. In sum, even if Morales' claims are pre-empted, the FLSA evidences no congressional intent to convert federal pre-emption from a defense into a grounds for jurisdiction. Because the pre-requisites are not present for jurisdiction under the complete pre-emption doctrine, Showell has not demonstrated that this court has federal question jurisdiction.

Id., at 247-48 (citations omitted). In this case, defendants have not shown that the FLSA so completely preempts plaintiffs' state-law claims that they are automatically converted into federal claims. In Morales, plaintiff's off-the-clock claim was based on Chapter 95-25.6, just as is plaintiff's claim herein. The undersigned simply can find no reason to depart from the decision of the Middle District in Morales.

8

**IV.     Removal Based on Federal-Law Defense**

Defendants also argue that removal is proper because federal law, in the form of federal regulations promulgated by officials within the United States Department of Labor under the FSLA, govern the rounding off of clock time. The court finds that because the federal regulations are not elements of any of plaintiff's state-law claims, any proof on the impact of regulations would be in the form of a defense, and a possible federal defense does not create federal question jurisdiction. In Pinney v. Nokia, Inc., 402 F.3d 430 (4th Cir. 2005), the Court of Appeals for the Fourth Circuit held, as follows:

> If a plaintiff can establish, without the resolution of an issue of federal law, all of the essential elements of his state law claim, then the claim does not necessarily depend on a question of federal law.

Id., at 442 (citation omitted). See also Interstate Petroleum Corp. v. Morgan, 249 F.3d 215, 222 (4th Cir. 2001).

In Pinney, the district court found that removal was proper because while plaintiff's state law claims concerning defective cellular phones contained no federal elements, the district court believed that it could only resolve the case by passing on federal regulations which governed radio frequency radiation standards. Id., at 445. In reversing the district court, the appellate court held:

> The district court erred by not recognizing that its inquiry was limited by the well-pleaded complaint rule. It should have considered only whether a disputed question of federal law is an essential element of one of the well-pleaded state claims.

Id. The appellate court then reiterated that

> a preemption defense "that raises a federal question is inadequate to confer federal jurisdiction." Merrell Dow Pharms., Inc. v. Thompson, 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). Again, "a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption," even if the complaint begs the assertion of the defense, and even if "the defense is the only question truly at issue in the case." Franchise Tax Bd., 463 U.S. at 14, 103 S.Ct. 2841.

9

Id. Clearly, and unequivocally, the Court of Appeals for the Fourth Circuit has eliminated interpretation of federal regulations as a basis for federal jurisdiction.

V.     Attorney Fees

As to plaintiff's request for in excess of $3,000.00 in attorney's fees, the court agrees with plaintiff that a showing of "bad faith" is not the linchpin for such an award under 28, united States Code, Section 1447(c). Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Court of Appeals for the Fourth Circuit explained that Section 1447(c)

> provides the district court with discretion to award fees when remanding a case. Magistrate Judge Davis did not do so in his remand order and Lowe does not assert that he abused his discretion in failing to order fees. She does ask us to order the district court to award fees now. Even if § 1447(c) empowered us to require the district court to award fees at this juncture, we would decline to do so. There is no evidence of bad faith by either party. Although bad faith is not a prerequisite to an award of attorney's fees under § 1447(c), the very case on which Lowe relies for this proposition notes that there, though the defendant's removal was not necessarily in bad faith, a "cursory examination ... would have revealed" a lack of federal jurisdiction. See Husk v. E.I. Du Pont De Nemours & Co., 842 F.Supp. 895, 899 (S.D.W.Va.1994). As evidenced by the significant proceedings in this court and the court below, the issues in this case are not similarly obvious.

In re Lowe, 102 F.3d 731, 733 n.2 (4th Cir. 1996). There has been no "bad faith" on the part of any attorney in this matter, but the court will not rely on such finding in determining whether attorney fees should be awarded.

Instead, it is clear that even a close review of the Complaint would *not* have revealed that this matter was unremovable. As shown in the pleadings - - and in the objections filed to the undersigned's recommendation in Morales - - very experienced attorneys can differ on the issues herein presented, and resolution of those issues is not "obvious" and has required hours of research in addition to the fine arguments and materials submitted by

respective counsel. Indeed, the district court may well differ with the undersigned conclusions herein or in Morales. Finally, plaintiff's obvious attempts at "removal proofing" his Complaint were clearly done in anticipation of possible removal. The court, therefore, declines to award fees or costs under Section1447(c).

VI.   **Conclusion**

After careful review of the pleadings, the court finds that this court lacks subject-matter jurisdiction, that this action was improperly removed,[1] and that it should be remanded to the North Carolina General Court of Justice, Superior Court Division, for Buncombe County. Until such time as a definitive decision is issued by a higher court addressing the FSLA regulations issue, this court will not award attorney fees or costs under Section 1447(c). Finally, this Order, entered in accordance with 28, United States Code, Section 636(b), will be stayed for 10 days by instructing the Clerk of this court not to certify the remand to allow any party to appeal this decision to the district court.

### ORDER

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion to Remand is Allowed and this action is **REMANDED** to the North Carolina General Court of Justice, Superior Court Division, for Buncombe County.

**The Clerk of this court is respectfully instructed to not certify this Order of Remand for 10 days from receipt of such Order by respective counsel (presumptively 3 days from filing) to allow time for the filing and service objections to this Order. Fed.R.Civ.P. 72(a).**

---

[1] The undersigned finds that while "improperly" removed, the removal was accomplished in good faith.

**Signed: July 14, 2005**

Dennis L. Howell
United States Magistrate Judge